**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0584n.06

No. 12-2131

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 18, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAROLYN LEE ALI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF MICHIGAN HEALTH | ) | ON APPEAL FROM THE |
| SYSTEM - RISK MANAGEMENT, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Defendant-Appellee. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF MICHIGAN, | ) | |
| | ) | |
| Movant-Appellee. | ) | |
| | ) | |

BEFORE: GILMAN, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Carolyn Lee Ali appeals the district court's judgment dismissing her complaint. For the reasons set forth below, we affirm.

Proceeding pro se, Ali initiated this lawsuit by filing an eighteen-page, single-spaced letter addressed to the district court, in which she alleged that she was a patient of the University of Michigan Health System for seventeen years until she was dropped as a patient to cover up a potential misdiagnosis. (R. 1, Complaint). Ali's civil cover sheet and summons identified the defendant as "University of Michigan Health System/UMHS Risk Management." (R. 1, Complaint, Page ID # 37; R. 2, Summons, Page ID # 40).

No. 12-2131
*Ali v. Univ. of Mich. Health Sys. - Risk Mgmt.*

The Board of Regents of the University of Michigan made a special and limited appearance to move to dismiss Ali's complaint for lack of subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), (5), and (6). (R. 3, Special & Limited Appearance; R. 4, Motion to Dismiss). In its motion to dismiss, the Board of Regents asserted that there is no legal entity named "University of Michigan Health Systems - Risk Management" and that any suit against the University of Michigan must be brought against the Board of Regents. *See* Mich. Comp. Laws § 390.4. (R. 4, Motion to Dismiss, Page ID # 44). Following a hearing (R. 19, Transcript), a magistrate judge recommended that the Board of Regents' motion to dismiss be granted because: (1) Ali filed suit against an entity that is not subject to suit and did not request leave to amend her complaint to substitute the Board of Regents as defendant; (2) even if she had sued the Board of Regents, her claims are barred by Eleventh Amendment immunity; (3) she failed to plead any federal cause of action to establish federal question jurisdiction and failed to plead diverse citizenship or an amount in controversy to establish diversity jurisdiction; and (4) she did not effect proper service of process. (R. 10, Report & Recommendation). Over Ali's objections (R. 13, Letter), the district court adopted the magistrate judge's report and recommendation, granted the Board of Regents' motion, and dismissed Ali's complaint without prejudice. (R. 15, Order; R. 16, Judgment).

Ali filed this timely appeal through counsel. (R. 17, Notice of Appeal). Ali asserts that the district court erred in dismissing her lawsuit without giving her the opportunity to amend her complaint.

"[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991). Ali contends that, in the hearing before the magistrate judge, she requested the opportunity to amend her pleading by stating, "I am asking if I could make the correction and amendment to my summons, the original summons." (R. 19, Transcript, Page ID # 196). Even if we construe Ali's statement as a request to amend her complaint and assume that the district court abused its discretion in failing to address that request, the amendment would have been futile and therefore any error would have been harmless. *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999). The only claims mentioned in Ali's appellate brief are damages claims for medical malpractice and defamation. (Appellant's Br. 10-11). The Board of Regents, as a state instrumentality, is entitled to Eleventh Amendment immunity from such claims brought in federal court and has not waived that immunity, having raised it as a defense in its motion to dismiss. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 850-51 (6th Cir. 1988).

Because the amendment proposed by Ali would have been futile and she raises no other issues on appeal, we affirm the dismissal of her complaint.